Duer, J.,
delivered, orally, the opinion of the Court, and stated :—The following, as ^he .principal grounds upon which it was deemed necessary to grant a new trial.
1. That the separate acts and declarations of individual defendants ought not to have been admitted in evidence to charge other defendants, not then present; the allegations of a conspiracy contained in the declaration not being sustained by the proof.
2. That rejecting this evidence, there was an entire failure of proof as to the defendant, Freeland, and that the judge, therefore, erred, in not directing the jury to acquit him.
3. That the judge erred in directing that the proof on the part of the plaintiff, was sufficient to sustain the first five counts of the declaration, and in not instructing the jury, that, upon the third, fourth, and fifth counts, all the defendants were entitled to an acquittal; the existence of a probable cause, in reference to the charges set forth in these counts, being conclusively established.
4. That the judge erred in instructing the jury, that upon the question of malice, and in determining the amount of damages, they had a right to take into consideration the proceedings in Rockland county, anterior to the complaint before Mr. Justice Drinker ; since upon the plaintiffs’ evidence, these proceedings *97 established against some of the defendants a case of false-imprisonment, and ought, therefore, as constituting a distinct cause of action, for which those defendants might be rendered liable in another suit, to have been withdrawn entirely from the consideration of the jury.
5. That the question of probable cause upon a given state of facts, is, in all cases, a question of law, and that the judge, therefore, erred in submitting it to the jury to determine whether the facts and circumstances in evidence afforded the defendants reasonable grounds for believing that the plaintiff was guilty of the offences which they laid to his charge; this was calling upon the jury not merely to pass upon the evidence, but to determine a question which the judge was, himself, bound to decide.
6. The judge also erred in shifting the burden of proof from the plaintiff to the defendants, by instructing the jury, that if the defendants acted upon information, the jury must be satisfied that they believed in its truth. The instruction should have been, that the jury was bound to presume that the defendants believed in the truth of the information upon which they acted, unless it clearly appeared from the evidence that the information was false, and that they knew it to be so.
7. That the court had no power to reform the verdict by limiting it to particular counts or particular defendants, and that being, as found, against law and evidence, it must be set aside.